PEOPLE v CARL

1. Searches and Seizures—Searches Without Warrant—Probable Cause—Burden of Proof.

The burden rests on the people to demonstrate that the police acted in a reasonable manner, based on probable cause and in response to an exigent circumstance bringing the search under one of the specifically established exceptions to the warrant requirement in order to sustain the validity of a search without a warrant.

2. Searches and Seizures—Automobiles—Police—Reasonableness.

The search of an automobile trunk which was made immediately after a suspect was arrested nearby was reasonable and justified where the police conducting the search knew the following:

1. The automobile was parked on a public street.
2. The automobile trunk was opened by one of the suspects immediately after an armed robbery.
3. The automobile was registered in the suspect's name.
4. The suspect was arrested within a few minutes of the robbery.
5. The keys to the trunk were in the suspect's possession when he was arrested.
6. A gun used in the robbery was in the possession of neither the suspect nor a co-suspect when they were apprehended.
7. Other objects used in the crime were missing.

3. Constitutional Law—Criminal Law—Incriminating Statements—Counsel—Deliberate Elicitation.

A defendant's Sixth Amendment rights are violated when the government deliberately elicits incriminating statements from him after indictment and while counsel is not present, but this rule is not applicable where the incriminating statement was made by a party other than the defendant and there has been no showing that the statement was deliberately elicited by the police.

---

References for Points in Headnotes
[1, 2] 68 Am Jur 2d, Searches and Seizures §§ 41–45.
[3] 21 Am Jur 2d, Criminal Law §§ 349–354, 360.

Appeal from Recorder's Court of Detroit, Samuel C. Gardner, J. Submitted June 7, 1976, at Detroit. (Docket No. 23617.) Decided September 8, 1976. Leave to appeal denied, 399 Mich 809.

John V. Carl was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Samuel C. Damren,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and T. M. BURNS and W. VAN VALKENBURG,[*] JJ.

PER CURIAM. Defendant and John Major were each charged with two counts of armed robbery, MCLA 750.529; MSA 28.797. Following a jury trial, defendant was found guilty of one count of armed robbery. He appeals as of right.

On November 20, 1974, at 8:30 p.m. two men entered a pharmacy in Detroit carrying guns. Both wore stocking masks, one had long black hair, the other had long golden hair. The two men forced an employee to give them the money in the cash register, one bill of which was marked. As they exited the building, the robbers encountered a customer and took his wallet. They then ran down the street to a parked automobile, one of the men got into the car while the other opened the trunk. Both then left the car and fled on foot. When

_____

[*] Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

police officers arrived shortly thereafter, a witness pointed out the automobile and the license plate and vehicle identification numbers were recorded.

Around 8:30 p.m. the owner of a house one block from the pharmacy heard a noise and then observed two people jump over his fence and run north, toward the street. He checked his neighbor's house believing that it might have been broken into. He found a coat lying in the driveway and a blond wig and nylon stocking in the yard. The owner of a house further north on the same street also heard noises outside around 8:30 p.m. He spotted defendant squatting down below the shrubbery at the corner of his house. The homeowner, armed with a gun, ordered defendant out and turned him over to a police officer who appeared on the scene. Codefendant Major was found lying under an evergreen tree nearby. Both men were patted down and a set of car keys was taken from the defendant. An officer proceeded to the automobile allegedly involved in the robbery and the trunk was opened with defendant's key. A black wig was found in the trunk and was introduced into evidence at the trial.

Defendant argues that the trial court erred in permitting the prosecutor to introduce into evidence the wig found in the trunk of defendant's car. It is urged that the evidence was inadmissible as it was discovered during an illegal, warrantless search.

"To sustain the validity of a warrantless search the burden rests on the people to demonstrate that the police acted in a reasonable manner, based on probable cause and in response to an exigent circumstance bringing the search under one of the specifically established exceptions to the warrant requirement." *People v White*, 392 Mich 404, 410; 221 NW2d 357 (1974).

Defendant argues that the warrantless search cannot be justified as having been incident to a lawful arrest and cites *Chimel v California,* 395 US 752; 89 S Ct 2034; 23 L Ed 2d 685 (1969). With this contention, we agree. We do not agree, however, that the instant case is controlled by *Coolidge v New Hampshire,* 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971), in which the Court held that a warrantless search was not justified under the "automobile exception". See *Carroll v United States,* 267 US 132; 45 S Ct 280; 69 L Ed 543 (1925), and *Chambers v Maroney,* 399 US 42; 90 S Ct 1975; 26 L Ed 2d 419 (1970).

The search of the automobile trunk was made immediately after the defendant was arrested nearby. At that time, the police knew the following:

1. The automobile trunk was opened by one of the suspects immediately after the armed robbery.

2. The automobile was registered in defendant's name.

3. The defendant was arrested within a few minutes after the robbery.

4. The keys to the trunk were in defendant's possession when he was arrested.

5. The gun used in the robbery was in the possession of neither the defendant nor his co-defendant when they were apprehended.

6. The other objects used in the crime were missing.

In light of these facts, the police acted properly in immediately searching the automobile trunk. It was probable that the suspects placed the gun and/or other implements of the crime in the trunk since only one wig was found. If the gun and the other wig were not in the car, an immediate search of the vicinity would have been necessary

to prevent loss of the evidence. Failure to find the objects in the car could also indicate that a third person was involved in the crime, the need to search for whom would have been immediate. Sufficiently exigent circumstances existed to justify the automobile search.

We incidentally question that applicability of the warrant requirement in this case. The automobile was parked on a public street. The interior portions of both the trunk and the passenger compartment were entered by the suspects immediately after the robbery. Under these circumstances the defendant could have possessed no expectation of privacy in the automobile's contents.

We find that the warrantless search was based on probable cause and was reasonable and justified. The evidence was admissible. *Cf. People v Elaman,* 51 Mich App 55; 214 NW2d 557 (1974), *lv den* 393 Mich 785 (1975).

Defendant also argues that the trial court erred in permitting a police officer to testify concerning a conversation he had with the defendant and codefendant. The officer testified that he encountered the two men at a police station while they were free on bond. They had gone to the station after the preliminary examination to retrieve defendant's impounded automobile. The officer told codefendant Major, "[w]e never did find the gun". Major responded: "Don't worry. We got them back."

In *Massiah v United States,* 377 US 201; 84 S Ct 1199; 12 L Ed 2d 246 (1964), the Court held that a defendant's Sixth Amendment rights are violated when the government deliberately elicits incriminating statements from him after indictment and while counsel is not present. This rule is not

applicable to the instant case. The incriminating statement was not made by the defendant and there has been no showing that the statement was deliberately elicited by the police. There was no error.

The remaining issues are without merit and require no discussion. We find no reversible error.

Affirmed.